**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Noah Willis ALTIZER, aka Robert
Van Horn, Defendant-Appellant.**

No. 72–3680
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 8, 1973.

James A. Robbins, Jr., Rome, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

■ Appellant attacks the basis of a search warrant. His ground for attack is that the affidavit supporting the warrant was based on information obtained from his purported wife after her arrest without probable cause. He asserts the fruit of the poisonous tree doctrine. The search was of a trailer-home occupied by appellant and his purported wife.[1] The district court held that appellant lacked standing to assert in his own defense the defalcation of the officers toward the wife. We agree. See Alderman v. United States (1969) 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176, 187; Wong Sun v. United States (1963) 371 U.S. 471, 491–492, 83 S.Ct. 407, 9 L.Ed.2d 441, 458.

■ The assignments of error based on the alleged illegal arrest of appellant and the search of his automobile are without merit. No product of the arrest was used against appellant in connection with his trial and conviction. The evidence obtained from the search of appellant's automobile was not improperly admitted. The automobile was not searched at the time of appellant's illegal arrest, but only upon a search warrant which was issued on information also obtained from appellant's purported wife.

Affirmed.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970 431 F.2d 409.

1. The district court found that the purported wife was not in fact appellant's wife but that they were occupying the trailer-home together.