**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**James H. McCONNELL and Robert
Connerly, Defendants-Appellants.**

**No. 74–1808
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1974.

Rehearing and Rehearing En Banc
Denied Oct. 15, 1974.

Alvin M. Binder, Jackson, Miss., for McConnell.

J. G. Hornberger, Laredo, Tex., for Connerly.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This appeal involves McConnell and Connerly. They were jointly indicted but had separate trials. We will first consider McConnell's case.

McConnell, a wholesale distributor of marijuana and the employer of Byrd, Connerly and others to transport the marijuana, see Byrd v. United States, 5 Cir., 1973, 483 F.2d 1196; 5 Cir., 1974, 494 F.2d 1284, was apprehended as the result of a chain of events which began with the search of Byrd's vehicle and his subsequent arrest. The chain included a credit card found in the Byrd vehicle which was issued to McConnell; the fact that McConnell paid Hertz for the lease to Byrd of the vehicle in which Byrd was apprehended; and later, some months after Byrd was sentenced, a statement from Byrd as to McConnell's endeavors and the *modus operandi* thereof.

Relying on the holding of this court that the Byrd vehicle search was illegal, McConnell contends that his apprehension and conviction falls under the fruit of the poisonous tree doctrine. His problem, however, is in his lack of standing to contest the search of the Byrd vehicle.

The trial of McConnell was to the district court without a jury. The comprehensive findings and conclusions of the district court, include, *inter alia*, a finding that the Byrd vehicle was leased to Byrd in Houston on the credit of McConnell, arranged by McConnell with Hertz in Jackson, Mississippi through the use of an American Express card.

■ The search was not against McConnell; there was no defalcation as to him. Altizer v. United States, 5 Cir., 1973, 477 F.2d 846. In addition, there was no showing whatever that appellant had a reasonable expectation of privacy with respect to the Byrd vehicle. United States v. Mendoza, 5 Cir., 1973, 473 F.2d 692 at 695, 696; United States v. Bell, 5 Cir., 1972, 457 F.2d 1231 at 1239. See generally Alderman v. United States, 1969, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Mancusi v. Deforte, 1968, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154.

■ McConnell urges conduct on the part of the district court and a probation officer as an impropriety amounting to error in the failure of the court to grant his motion to suppress. The facts were that at the sentencing of Byrd, the court learned of his employment by McConnell and that McConnell had employed counsel for Byrd. The court advised the probation officer to explain to Byrd that his lawyers might have a conflict of interest as between McConnell and Byrd. This advice was given, in turn, to Byrd and some four months later he made his statement implicating McConnell. We have carefully reviewed this occurrence and its various elements. We find no error.

■ As to Connerly's case, no nexus whatever is shown between Connerly and the search of Byrd's vehicle. Connerly was an employee of McConnell, just as was Byrd, and was paid by the trip to transport marijuana from the Mexican border to various American cities. The evidence was entirely sufficient to warrant the conviction by the court in a nonjury trial on the count charging a conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.A. § 841(a)(1). The case against Connerly as well as against McConnell was proved beyond peradventure by the testimony of two other McConnell employees, co-conspirators Price and Webb.

Affirmed as to McConnell and Connerly.