508 F.2d 666
 Robert VAN HORN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-1319 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 20, 1975, Rehearing and Rehearing En Banc Denied April 17, 1975.
 
 Robert Van Horn, pro se.
 John W. Stokes, U.S. Atty., J. Robert Cooper, Anthony M. Arnold, Asst. U.S. Attys., Atlanta, Ga., for respondent-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Van Horn appeals from the denial of his consolidated 2255 motion and his motion for a new trial. These motions relate to his conviction for burglary and theft of government property in a United States Post Office in White, Georgia. 18 U.S.C.A. 2115 and 641. We have heretofore affirmed his direct appeal of that conviction[1] and his present motions do not merit reversal of that decision.
 
 
 2
 As his chief allegation, appellant argues that the District Judge improperly refused to suppress evidence obtained in a search of his trailer. The defect in this search, appellant maintains, is that the information on which the police were acting was obtained from Thelma Miles, his traveling companion, after both he and Miles were subject to an illegal search at the time of their arrest. The evidence obtained in the first search was suppressed by the District Court but he upheld the validity of the second search on the basis that appellant was without standing to object to the information given by Miles. On the direct appeal we affirmed this issue.
 
 
 3
 Now appellant argues that the evidence of Miles that supplied probable cause for a search of his trailer home was a 'fruit' of the original, illegal roadside search that occurred at the time of their arrest. United States v. Resnick, 5 Cir., 1973, 483 F.2d 354, 356-357; Gissendanner v. Wainwright, 5 Cir., 1973, 482 F.2d 1293, 1296-1297. However, we have no difficulty in determining that appellant's contention is meritless for the identity of Miles was known to the police when she had aroused their attention by passing money orders among the merchants in Newnan, Georgia. This supplies the independent basis to her statements that eliminates any 'fruits' problem.
 
 
 4
 Appellant secondly asserts that there is newly discovered evidence that justifies a new trial. He contends that he has evidence to demonstrate that Thelma Miles was in fact his wife and therefore ineligible to testify against him. Appellant points to a 'marriage contract,' a birthday card from Thelma Miles, signed 'your wife,' four check stubs made out to Mr. and Mrs. Robert Van Horn and testimony of witnesses who would say that the couple was known as husband and wife. But at trial the Miles/Van Horn marital status was given close attention. While Miles did testify that she had used his name, she said that they had never been married and that she had signed the 'marriage contract' with him subsequent to the arrest. We conclude that the District Court had ample warrant to find that she was not appellant's wife and properly admitted her testimony. The new evidence does not alter in the least this finding.
 
 
 5
 Similarly we find that appellant's assertion that he lacked affective assistance of counsel due to the failure of counsel to produce the above documents in an effort to prove Miles was his wife and his assertion that he was denied a fair and full habeas corpus hearing due to the absence of Miles are both without merit.
 
 
 6
 Affirmed.
 
 
 
 [1]
 United States v. Altizer, 5 Cir., 1973, 477 F.2d 846