[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2008
THOMAS K. KAHN
CLERK

No. 07-14184
Non-Argument Calendar

_____

D. C. Docket No. 06-20753-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMERA NICOLE KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 17, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Tamera Nicole King appeals her convictions for possession with intent to

distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(C); and possession with intent to distribute five grams or more of cocaine

base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  King argues that (1) the

evidence seized during a search of her codefendant's residence should have been

suppressed because law enforcement lacked probable cause to arrest her, and (2)

the evidence presented at trial was not sufficient to support her convictions.[1]  For

the reasons set forth below, we affirm.

## I.    Motion to Suppress

"A district court's ruling on a motion to suppress presents a mixed question

of law and fact."  *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999).

We accept the district court's factual findings as true unless the findings are shown

to be clearly erroneous.  *Id.*  All facts are construed in the light most favorable to

the prevailing party below.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th

Cir. 2000).  The district court's application of the law to the facts is reviewed de

novo.  *Id.*

A district court does not err when it admits evidence seized pursuant to a

search warrant, and the "constitutional search and seizure requirements of the

---

[1] Although King mentions her motion for a new trial in her brief, she did not sufficiently raise the argument that the district court abused its discretion by denying her motion for a new trial because she did not argue it "plainly and prominently."  *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).  Thus, we decline to address this issue.

Fourth Amendment have been satisfied." *United States v. Majors*, 196 F.3d 1206, 1216 (11th Cir. 1999). If the evidence was obtained pursuant to a search warrant, then even if the arrest was unlawful, the evidence is admissible at trial. *United States v. Altizer*, 477 F.2d 846, 846 (5th Cir. 1973) (per curiam).

Because the evidence from the codefendant's residence was seized pursuant to a valid search warrant, the evidence was admissible at King's trial regardless of whether she was arrested without probable cause. Thus, the district court did not err when it denied King's motion to suppress.

## II. Sufficiency of the Evidence

In order to convict a person under 21 U.S.C. § 841(a)(1), "the government [must] prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989) (per curiam). Possession may be shown by constructive possession. *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2155, 167 L. Ed. 2d 882 (2007). Constructive possession exists when a person has "dominion or control over the drugs or over the premises where the drugs were located." *Id.* "However, a defendant's mere presence in the area of contraband or awareness of its location is not sufficient to establish possession." *Id.* (internal quotation marks omitted). "Intent to distribute can be proven circumstantially

3

from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *Poole*, 878 F.2d at 1392.

The evidence here was sufficient for a reasonable jury to conclude that King had knowing possession of the narcotics with intent to distribute them. That evidence included (1) King's presence in the residence during the search that discovered a large amount of drugs out in the open; (2) her awareness of the presence of the narcotics before the date of the search; (3) her possession of large sums of cash; (4) indications that she and the codefendant in whose residence the drugs were discovered held themselves out as married; (5) the presence of prepackaged crack cocaine and a scale at the residence; and (6) the sale of crack cocaine by King prior to the search and arrest. Accordingly, the district court did not err when it denied King's motion for judgment of acquittal.

## III. Conclusion

After a review of the record and the parties' briefs, we hold that the district court did not err, and affirm King's convictions.

**AFFIRMED.**