[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15752
Non-Argument Calendar

_____

D. C. Docket No. 07-00091-CR-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD ROY GIBBS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 20, 2008)

Before  DUBINA,  BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Leonard Roy Gibbs appeals his convictions for attempted escape by an inmate in custody of an institution, in violation of 18 U.S.C. § 751(a), and possession of contraband by a prison inmate, in violation of 18 U.S.C. § 1791(a)(2), (b)(5), and (d)(1)(F). The issue on appeal is whether the district court erred by denying Gibbs's motion for judgment of acquittal with regard to his attempted escape conviction.[1] After review, we affirm Gibbs's convictions.

We review *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of the evidence grounds. *United States v. Yates*, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (*en banc*). In considering the sufficiency of the evidence, we view all of the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." *United States v. LeCroy*, 441 F.3d 914, 924 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007). "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). "[We] cannot

---

[1] We need not determine whether denial of the motion for judgment of acquittal was error as to Gibbs's contraband possession conviction, as Gibbs waived this issue on appeal by failing to state in his brief how the district court erred. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that mere references to issues, in the absence of any elaboration, are insufficient to raise a claim for appeal).

reverse a conviction for insufficiency of the evidence unless . . . we conclude that no reasonable jury could find proof beyond a reasonable doubt." *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990).

To sustain a conviction for escape by an inmate in custody of an institution, the government must prove the following elements: (1) the defendant was in the custody of the Attorney General, (2) as the result of a conviction, and (3) the defendant escaped from that custody. *See United States v. Bailey*, 100 S. Ct. 624, 633 (1980). To sustain a conviction for attempt, the government must prove "(1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). "A substantial step 'must be more than remote preparation,' and must be conduct 'strongly corroborative of the firmness of the defendant's criminal intent.'" *United States v. Ballinger*, 395 F.3d 1218, 1238 n.8 (11th Cir. 2005) (quoting *United States v. Mandujano*, 499 F.2d 370, 377 (5th Cir. 1974)).

The evidence was sufficient to establish beyond a reasonable doubt Gibbs intended to escape from custody and took several substantial steps toward escaping. Gibbs confessed he prepared for his escape three weeks prior to February 7th, and stated his belief that he could successfully climb over the outer

3

prison wall. Evidence was also introduced indicating Gibbs braided together torn bed sheets, cut through a fence surrounding the recreation yard, and intended to use a locker door as scaffolding to pull himself over the outer wall. A reasonable jury could conclude this evidence established Gibbs's intent to escape.

Gibbs raises the affirmative defense of duress or necessity for the first time on appeal; however, there was no evidence he was under any direct or imminent threat of harm at the time of the escape attempt. Gibbs also contends specific intent became an element of the offense under "the law of the case" doctrine because the district court's jury instruction stated specific intent was required to convict Gibbs of attempted escape. We need not reach this issue; even assuming specific intent became an element of the offense, there was sufficient evidence in the record for a reasonable jury to conclude Gibbs possessed a specific intent to escape from federal custody.

In addition to the intent element, the Government was required to prove Gibbs took a substantial step toward escaping to convict him of attempt. A number of facts presented at trial evidenced the completion of substantial steps: Gibbs left his cell twice in the early morning of February 7th, entered the recreation area and removed links from the fence, and possessed a sharpened brass rod, a pillowcase filled with rope, and a locker door. Gibbs admitted he had taken these steps to

4

Agents Moran and Greene, and Gibbs presented no evidence to the contrary at trial. Construing this evidence in the light most favorable to the government, a reasonable jury could conclude Gibbs completed one or more substantial steps toward escaping.

Because the evidence presented at trial was sufficient to establish the elements of the attempted escape offense, and Gibbs waived his argument as to the contraband possession conviction, Gibbs's convictions are affirmed.

**AFFIRMED.**