[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

No. 08-14449
Non-Argument Calendar

_____

D. C. Docket No. 08-20023-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TYRONE MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 7, 2009)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael Tyrone Mobley appeals his convictions and sentences

for: (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count 1); (2) possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count 2); (3) possession with intent to distribute marijuana, in violation of § 841(a)(1), (b)(1)(C) (Count 3); and (4) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). The evidence at trial showed that, after Drug Enforcement Administration ("DEA") agents served a search warrant on a house that had been under investigation for distribution of crack cocaine, they found Mobley sleeping in a bedroom. The agents also found 60 bags of crack cocaine, 20 bags of marijuana, and a firearm in Mobley's bedroom closet, with the drugs on top of the firearm. The contraband was located next to a bookbag containing Mobley's personal papers.

On appeal, Mobley challenges the sufficiency of the evidence, and argues that the use of prior convictions violated Fed.R.Evid. 404(b), his 360-month sentence was substantively unreasonable, and his Sixth Amendment rights were violated because his sentence was enhanced based on prior convictions that were not included in the indictment nor proven to a jury.

## I.

Mobley first challenges the sufficiency of the evidence supporting his convictions. "We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (citation omitted). We make all reasonable inferences and credibility choices "in favor of the government and the jury's verdict." *Id.* We affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Id.* "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." *United States v. Bailey*, 123 F.3d 1381, 1391 (11th Cir. 1997).

To support a conviction for possession with intent to distribute, under 21 U.S.C. § 841(a)(1), the government had to establish: (1) knowledge of possession; (2) possession of a controlled substance; and (3) intent to distribute. *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008) (quotations omitted). "These elements may be proven by circumstantial evidence." *Id.* To support a conviction for possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g), "the prosecution must prove beyond a reasonable doubt that the

defendant was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." *United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005) (quotation omitted).

Possession may be proven by the government showing either actual or constructive possession. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises . . . in which the object is concealed." *Id.* (quotations omitted). Knowledge can be proven using evidence of the surrounding circumstances. *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989). "Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *Id.* Other relevant factors include the defendant's possession of a firearm, a large amount of cash, or an implement used to cut up drugs. *United States v. Marszalkowski*, 669 F.2d 655, 662 (11th Cir. 1982).

To support a conviction for possession of a firearm in furtherance of a drug-trafficking offense, under 18 U.S.C. § 924(c)(1)(A), "the Government had to establish that [the defendant] (1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a

court of the United States." *Woodard*, 531 F.3d at 1362. "The 'in furtherance' element requires proof that the firearm helped, furthered, promoted, or advanced the drug trafficking." *Id.* (quotation omitted). "[T]here must be a showing of some nexus between the firearm and the drug selling operation." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (quotation omitted). We consider several factors in determining whether a defendant possessed a firearm "in furtherance" of a drug-trafficking crime, including:

> The type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Woodard*, 531 F.3d at 1362 (quotation omitted).

We conclude from the record that the evidence was sufficient to support Mobley's convictions. First, with regard to possession with intent to distribute crack cocaine and possession with intent to distribute marijuana, a reasonable jury could have found, beyond a reasonable doubt, that Mobley: (1) was aware of the crack cocaine and marijuana, which were located in his bedroom closet, next to his bookbag containing his personal papers; (2) had dominion and control over the closet in which the drugs were located; and (3) intended to distribute the drugs because they were packaged for distribution, and located on top of a loaded

5

firearm.  Second, with regard to the conviction for possession of a firearm by a convicted felon, a reasonable jury could have found that Mobley possessed the firearm because he had dominion and control over his bedroom, his bedroom closet, and likewise, the firearm that was located in his closet and next to his bookbag.  Third, with regard to the conviction for possession of a firearm in furtherance of a drug-trafficking crime, a reasonable jury could have found that Mobley possessed the firearm "in furtherance" of a drug-trafficking crime because: (1) drugs were being distributed from the house where he lived; (2) the firearm was easily accessible; (3) the cocaine and marijuana were illegal drugs; (4) the firearm was loaded; and (5) the firearm was in close proximity to the drugs.

## II.

Mobley next argues that the district court abused its discretion in allowing into evidence his prior drug convictions.  Specifically, Mobley claims that his six- and nine-year-old drug convictions were not probative of whether he knew that the drugs and firearm were located in his bedroom closet.

We review evidentiary rulings for an abuse of discretion. *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006). Evidence admitted in violation of Rule 404(b) is harmless when there is substantial evidence of the defendant's guilt. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

Rule 403 states that relevant evidence may be excluded when "its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed.R.Evid. 404(b). Prejudice from improperly admitted evidence, however, may be mitigated by a limiting instruction to the jury. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).

We apply a three-part test in determining whether prior bad acts were admissible under Rule 404(b): (1) the evidence was relevant for a reason other than for establishing the defendant's character; (2) the probative value of the evidence was not substantially outweighed by undue prejudice; and (3) there was substantial evidence presented at trial that the defendant committed the prior act. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

7

"A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *Edouard*, 485 F.3d at 1345 (quotation omitted). "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *Id.* (citation omitted). Moreover, evidence of prior drug dealings is highly probative of intent to engage in drug dealing later on. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993). "Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." *Edouard*, 485 F.3d at 1345 (citation omitted).

"[W]hether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." *Id.* (quotation omitted). Relevant circumstances include the "overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation omitted).

We conclude from the record that the district court did not abuse its discretion by admitting evidence regarding Mobley's prior drug convictions because they were probative of his knowledge of possession, and intent to distribute, crack cocaine and marijuana.

**III.**

Mobley next argues that his 360-month sentence was substantively unreasonable because his criminal history category overrepresented the seriousness of his past convictions, and his sentence was greater than necessary. He asserts that the district court exclusively relied on the guideline range, instead of considering all of the 18 U.S.C. § 3553(a) factors.

We review a sentence for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. ___,128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). A sentence must be both procedurally and substantively reasonable. *United States v. Livesay*, 525 F.3d 1081, 1090–91(11th Cir. 2008). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). The burden of establishing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784,

788 (11th Cir. 2005).

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007) (quotations and alterations omitted). Although a sentence within the advisory guidelines range is not *per se* reasonable, we have stated that we would ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 787-88; *see also Rita v. United States*, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-63, 168 L. Ed. 2d 203 (2007) (noting that a sentence within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one.").

The district court's decision to impose a guidelines sentence, at the bottom

10

of the guideline range, was reasonable and supported by the record. Moreover, Mobley's criminal history category did not overrepresent the seriousness of his prior convictions because he had 10 prior drug-related convictions, his career offender status automatically increased his criminal history category to VI, and while the district court did not specifically refer to the § 3553(a) factors, it did take the pertinent factors into account. Accordingly, Mobley's 360-month sentence is substantively reasonable.

## IV.

Mobley next argues that his underlying convictions used to qualify him as an armed career criminal should have been presented to a jury and proved beyond a reasonable doubt. He concedes, however, that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), forecloses this issue.

We review *de novo* preserved questions concerning the constitutionality of an enhanced sentence. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In *Almendarez-Torres*, the Supreme Court held that the government need not allege in its indictment nor prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions to enhance a sentence. *Almendarez-Torres*, 523 U.S. at 226-27, 118 S. Ct. at 1222. Further, in *United States v. Shelton*, 400 F.3d 1325, (11th Cir. 2005), we held that the decision

11

in *Almendarez-Torres* was "left undisturbed" by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." *Shelton*, 400 F.3d at 1329.

Because *Almendarez-Torres* remains good law, prior convictions need not be proven to a jury or alleged in an indictment to enhance a sentence, and the district court did not err in considering the prior convictions to support the armed career criminal enhancement.

For the above-stated reasons, we affirm Mobley's convictions and sentences.

**AFFIRMED.**