[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10244
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-00297-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN GONZALEZ-BEJARANO,
a.k.a. Ivan B. Gonzalez,
a.k.a. Flaco,
a.k.a. Ivan Gonzalez,
a.k.a. Omar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 20, 2010)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellant Ivan Gonzalez-Bejarano ("Gonzalez"), through counsel, appeals his convictions and sentences for conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B)(ii), and 963; conspiracy to possess with intent to distribute five kilograms or more of cocaine, which would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 841, 959, 960(b)(1)(B)(ii), and 963; possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and importation of five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2.  On appeal, Gonzalez argues that the district court erred in denying his motion for a judgment of acquittal because the evidence introduced by the government at trial was insufficient to support his convictions.  He also asserts that the district court should have excluded testimony concerning Jimmie Lee Byrd's role in the conspiracy because it created a conflict of interest with one of his attorneys at trial, who had previously represented Byrd.  Next, Gonzalez contends that the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.  Finally, Gonzalez argues that the district court should not have imposed a four-level role enhancement for being a leader or organizer under U.S.S.G. § 3B1.1(a).

2

"We review *de novo* whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial, viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). Evidence is sufficient where "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id*. at 1284-85 (quotation omitted). We will not disturb a jury's credibility determinations unless it can be shown that a witness's testimony was incredible as a matter of law. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997), *modified on other grounds by United States v. Toler*, 144 F.3d 1423 (11th Cir. 1998). Testimony is incredible as a matter of law if it involves facts that the witness could not possibly have observed, or events that could not have occurred under the laws of nature. *Id*. We have explained that a judgment of acquittal is not mandated simply because "the government's case includes testimony by an array of scoundrels, liars and brigands." *United States v. Hewitt*, 663 F.2d 1381, 1385 (11th Cir. 1981) (quotation omitted). The uncorroborated testimony of a single co-conspirator is sufficient to support a conviction. *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005).

To convict a defendant of conspiracy, "the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001). The government may prove the existence of an illegal agreement through circumstantial evidence, including inferences drawn from the conduct of the individuals allegedly involved in the scheme. *United States v. Seher*, 562 F.3d 1344, 1364 (11th Cir. 2009). "A defendant is deemed to have knowledge of the illegal agreement if he was aware of the primary purpose of the conspiracy." *Id.*

In order to convict a defendant under 21 U.S.C. § 841, the government must show that the defendant knowingly distributed or possessed with the intent to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1); *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008). Intent to distribute can be proven circumstantially from the quantity of drugs involved. *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989). In order to convict a defendant of importation of controlled substances, the government must show by direct or circumstantial evidence that the defendant knew that the controlled substances came from outside the United States. *United States v. Champion*, 813 F.2d 1154, 1168 (11th Cir. 1987).

Because we conclude from the record that the evidence presented at trial was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Gonzalez was guilty with respect to all four counts in the indictment, we hold that the district court did not err in denying Gonzalez's motion for a judgment of acquittal.

## II.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Hands*, 184 F.3d 1322, 1326 (11th Cir. 1999). Even if the district court made an erroneous evidentiary ruling, we need not reverse the defendant's conviction if we conclude that the error was harmless. *Id.* at 1329. An evidentiary error is harmless if it "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* (quotation omitted). We have explained, in the context of ineffective-assistance-of-counsel claims, that an actual conflict of interest occurs when a lawyer represents "inconsistent interests." *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999) (*en banc*). To establish inconsistent interests, the defendant "must make a factual showing of inconsistent interests or point to specific instances in the record to suggest an actual impairment of his or her interests." *Id.* (quotations omitted).

Here, Gonzalez has not shown that he and Byrd had inconsistent interests,

5

nor has he explained how the asserted conflict of interest hindered his counsel's representation. In addition, Gonzalez has not asserted that his co-counsel, Hernandez, faced a similar conflict of interest. Thus, there does not appear to be any reason that Hernandez could not have handled the cross-examination of the witnesses who mentioned Byrd in their testimony. Under these circumstances, we conclude that the district court did not abuse its discretion in admitting testimony concerning Byrd's role in the conspiracy.

## III.

We review the district court's factual findings under U.S.S.G. § 2D1.1(b)(1) for clear error, and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006). Section 2D1.1(b)(1) of the Sentencing Guidelines provides that a defendant's base offense level should be increased by two "[i]f a dangerous weapon (including a firearm) was possessed." A defendant's sentence may be enhanced under § 2D1.1(b)(1) based upon a co-conspirator's possession of a firearm if the government can show by a preponderance of the evidence that: "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *United*

6

*States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999) (emphasis omitted). We have recognized that it is "reasonably foreseeable that a co-conspirator would possess a firearm where the conspiracy involved trafficking in lucrative and illegal drugs." *Pham*, 463 F.3d at 1246.

In this case, several witnesses testified that some of Gonzalez's co-conspirators possessed firearms in furtherance of the drug conspiracy. In addition, the possession of firearms was reasonably foreseeable to Gonzalez because the conspiracy involved tens of thousands of kilograms of cocaine. Accordingly, we conclude that the district court did not clearly err in imposing a two-level enhancement pursuant to § 2D1.1(b)(1).

## IV.

We review for clear error a district court's determination of a defendant's role in the offense. *United States v. Gupta*, 463 F.3d 1182, 1197 (11th Cir. 2006). Section 3B1.1 of the Sentencing Guidelines provides that a defendant's offense level should be enhanced by four levels if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). There can be more than one individual who qualifies as a leader or organizer of a criminal conspiracy. *Id.*, comment. (n.4); *United States v. Vallejo*, 297 F.3d 1154, 1169 (11th Cir. 2002) ("The defendant

does not have to be the sole leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines"). In determining whether a defendant qualifies a leader or organizer, relevant factors include:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

*Gupta*, 463 F.3d at 1198 (quoting U.S.S.G. § 3B1.1, comment. (n.4)).

We conclude from the record here that the district court did not clearly err in imposing a four-level enhancement for being a leader or organizer because the evidence established that Gonzalez played a leading role in a large drug-trafficking conspiracy.

Based on our review of the record and consideration of the parties' briefs, we affirm Gonzalez's convictions and sentences.

**AFFIRMED.**