[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11155
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:97-cr-14003-KMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FIDENCIO GONZALES,
a.k.a. Chita,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2010)

Before TJOFLAT, EDMONDSON, and MARTIN, Circuit Judges.

PER CURIAM:

Fidencio Gonzales appeals the revocation of his supervised release and his

60-month sentence for violating the terms of his supervised release. After a thorough review of the parties' briefs and the record, we affirm.

I.

Gonzales first challenges the district court's revocation of his supervised release. "We generally review a district court's revocation of supervised release for an abuse of discretion." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Supervised release may be revoked if the district court finds, by a preponderance of the evidence, that the defendant violated a condition of the supervised release. 18 U.S.C. § 3583(e)(3). Gonzales argues that the district court erred in finding that he intended to distribute the eight grams of cocaine in his possession. Intent to distribute may be inferred from circumstantial evidence. See United States v. Poole, 878 F.2d 1389, 1392 (11th Cir. 1989) (per curiam) ("Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine."). The record shows that the cocaine in Gonzales's possession was packaged in fifteen plastic baggies. The two experienced arresting officers testified that this was an indication that the cocaine was intended for sale or distribution. This evidence was sufficient to support the district court's finding that Gonzales intended to

2

distribute the cocaine.  We therefore conclude that the district court did not abuse its discretion in revoking Gonzales's supervised release.

## II.

Gonzales next argues that his 60-month sentence is substantively unreasonable.[1]  We review the substantive reasonableness of a sentence for abuse of discretion in light of the totality of the circumstances.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [18 U.S.C. § 3553(a)]."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable."  Id.

Gonzales argues that the district court failed to adequately and properly

---

[1]In his statement of the issues, Gonzales challenges both the substantive and procedural reasonableness of his sentence.  In his argument, however, Gonzales challenges only the substantive reasonableness of his sentence.  We conclude that Gonzales has waived the issue of procedural reasonableness.  See United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006) ("We may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief. Without such argument the issue is deemed waived.").  Even if Gonzales had not waived the issue, we would review only for plain error because Gonzales's objection at sentencing challenged only the substantive reasonableness of his 60-month sentence.  See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).  For this Court to correct plain error at sentencing, a defendant must establish that there is a reasonable probability that, but for the error, he would have received a lesser sentence.  United States v. Arias-Izquierdo, 449 F.3d 1168, 1190 (11th Cir. 2006).  As Gonzales has not shown that he received a longer sentence because of a procedural error, he could not prevail under plain error review.

3

consider his history and characteristics and the nature and circumstances of the offense, as required by § 3553(a)(1), and imposed a sentence that was greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). Gonzales's advisory guideline range was 51 to 60 months. His original conviction was for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Given that Gonzales's original conviction was for conduct similar to the violation that resulted in the revocation of his supervised release, we cannot say that his within-guideline sentence of 60 months is unreasonable. See § 3553(a)(2) (requiring courts to consider the need for the sentence "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant").

For these reasons, both the revocation of Gonzales's supervised release and his 60-month sentence are AFFIRMED.