The UNITED STATES of America, Plaintiff–Appellee,

v.

Patricia POOLE, a/k/a Patricia Hunter, Defendant–Appellant.

No. 88–7567.

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1989.

Thomas J. Spina, Kimberly R. West, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Anthony A. Joseph, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant challenges on sufficiency of the evidence grounds her convictions for possession of cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1), and for use of a firearm during and in relation to narcotics trafficking in violation of 18 U.S.C.A. § 924(c)(1). We affirm both convictions.

## I. FACTS

At 11:28 p.m. on the evening of May 23, 1988, state and federal law enforcement officials executed a search warrant on defendant's house in Fairfield, Alabama. Defendant had been home approximately five minutes after returning that evening from a weekend in Los Angeles. The officers found defendant on a couch in the living room; under the couch they found an aluminum foil packet containing cocaine. The police then conducted a thorough search of defendant's house. Drugs and drug paraphernalia were discovered throughout the house. In what was later identified as defendant's bedroom, officers found under the waterbed a plastic bag containing $1,432.00 cash and traces of cocaine; in a brass bucket on the dresser, police found a pouch containing cocaine. In the front bedroom, police discovered a small plastic bag containing marijuana. In the hallway closet, police found a jacket containing five small zip-lock packets of cocaine; inside a second jacket, police found a packet containing additional cocaine. In the dining room, police found inositol, a compound used for cutting cocaine, and implements used to mix the cocaine with the inositol. In the kitchen, police found a triple-beam scale and four more bags containing cocaine. The cocaine found totalled 148.775 grams, or approximately 5.3 ounces. In addition, in a utility room containing a washer and dryer adjacent to the kitchen, police found a .30 caliber carbine and ammunition clip partially concealed in the ceiling and a .22 caliber semi-automatic rifle

and a .410 caliber "survival rifle" on the floor under some clothing.

Defendant was convicted after a jury trial of possession of cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1). Defendant was also convicted of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c)(1). Defendant was sentenced to five years' incarceration to be followed by a special parole term of three years on the drug conviction, and to a consecutive term of five years without probation or parole on the firearms conviction. The district court also imposed a special assessment of $50 on the drug conviction. Defendant appeals both convictions.

## II. DISCUSSION

■ Defendant argues that the evidence is insufficient to support her convictions. Sufficiency of the evidence is a question of law subject to *de novo* review. *United States v. Greer*, 850 F.2d 1447, 1450 (11th Cir.1988). This Court must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and determine whether the jury could have found defendant guilty beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir.1987). The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial. *See United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

### A. *Section 841(a)(1)*

■ In order to convict defendant Poole under 21 U.S.C.A. § 841(a)(1), the government had to prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute. *See United States v. Alvarez*, 837 F.2d 1024, 1027 (11th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 2003, 100 L.Ed.2d 234 (1988). All three elements can be proven by either direct or circum-

stantial evidence. *United States v. Pruitt*, 763 F.2d 1256, 1264 (11th Cir.1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 856, 88 L.Ed.2d 896 (1986). Evidence of surrounding circumstances can prove knowledge. *Alvarez*, 837 F.2d at 1027. Constructive possession is sufficient for the possession element, and can be established by showing ownership or dominion and control over the drugs or over the premises on which the drugs are concealed. *United States v. Montes–Cardenas*, 746 F.2d 771, 778 (11th Cir.1984). Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine. *See generally United States v. Marszalkowski*, 669 F.2d 655, 662 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 167 (1982).

▉ Defendant challenges primarily the sufficiency of the evidence of possession. She argues that she had just arrived home from the airport, and that she had had no time to come into possession of any cocaine. The government argues that the evidence is sufficient for the jury to have found defendant constructively possessed the cocaine. This Circuit defines constructive possession as follows: "Constructive possession consists of the knowing exercise of or the knowing power or right to exercise dominion and control over the substance." *United States v. Knight*, 705 F.2d 432, 433 (11th Cir.1983). Constructive possession need not be exclusive, *Montes–Cardenas*, 746 F.2d at 778, and can be proven circumstantially by ownership, dominion, or control over the premises on which the substance is located. *United States v. Glasgow*, 658 F.2d 1036, 1043 (5th Cir. Unit B 1981). The following evidence was introduced at trial: defendant was the sole owner of the house; cocaine was found under the couch on which she was lying when the police entered the house; cocaine was found in an urn in her bedroom; a plastic bag containing money and trace amounts of cocaine were found under her bed; equipment and material for diluting the quality of the cocaine were found in the dining room; and a sophisticated scale containing trace amounts of cocaine was found in plain view in the kitchen. Although she did not have exclusive control over the premises,[1] she did own and exercise dominion and control over the house. We hold these facts are sufficient for the jury to have found she constructively possessed the cocaine. *See, e.g., United States v. Morales*, 868 F.2d 1562, 1573 (11th Cir.1989) (person who leased apartment had constructive possession over drugs found in apartment because he had dominion and control over the premises).

The evidence is also sufficient for the jury to have found knowledge and intent to distribute, the other two elements of a section 841(a)(1) offense. Constructive possession includes a knowledge element. *Knight*, 705 F.2d at 433. The quantity of the cocaine, the sophisticated scale, and the equipment used to dilute the purity of the cocaine and to separate large quantities into smaller quantities for retail purposes are sufficient for the jury to have found intent to distribute. Consequently, we affirm defendant's conviction under section 841.

### B. *Section 924*

Section 924(c)(1) provides in pertinent part:

> Whoever, *during and in relation to any ... drug trafficking crime ...* for which he may be prosecuted in a court of the United States, *uses or carries a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years ...

(emphasis added). It is clear that defendant committed the predicate offense of engaging in a drug trafficking crime. *See* 18 U.S.C.A. § 924(c)(2) (defining drug trafficking crime); *see also United States v.*

---

1. Defendant lived with her three children, ages 18, 16, and 15. In addition, a man named Gregory Floyd Griffin lived in the home. Her sister, Gwen Taylor, and her sister's eleven-year-old son spent weekends at the house. Defendant had been in Los Angeles for two days and had returned home five minutes before the raid.

*Cruz,* 805 F.2d 1464, 1475 n. 12 (11th Cir. 1986), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987). The question we must address is whether the evidence is sufficient for the jury to have found defendant used a firearm "during and in relation to" the drug trafficking offense.

The government had the burden of proving both that the defendant used the firearms and that the use was in relation to the drug trafficking offense. To show use, the government did not need to prove that the firearms were fired, brandished, or even displayed during the drug trafficking offense. *United States v. Meggett,* 875 F.2d 24 (2d Cir.1989). We agree with the defendant, however, that the mere presence of a firearm would not constitute use within the meaning of section 924(c)(1). *See United States v. Phelps,* 877 F.2d 28 (9th Cir.1989); *United States v. Ramos,* 861 F.2d 228, 231 (9th Cir.1988) (person does not violate section 924(c)(1) by inadvertently carrying a firearm in an unrelated situation). Rather, possession of a firearm constitutes use in relation to the drug trafficking offense if the possession is an integral part of, and facilitates the commission of, the drug trafficking offense. *Meggett, supra; see also United States v. Robinson,* 857 F.2d 1006, 1010 (5th Cir.1988); *United States v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988); *United States v. Matra,* 841 F.2d 837, 842–43 (8th Cir.1988).

Other circuits have held that evidence of weapons found with a significant quantity of illegal drugs and drug distribution paraphernalia is sufficient to submit to the jury the question of whether the guns were used during and in relation to a drug trafficking crime. In *United States v. LaGuardia,* 774 F.2d 317 (8th Cir.1985), for example, guns were found in a closet in the apartment and in the trunk of defendant's car. The Eighth Circuit held that the presence and availability of weapons in a location containing a significant quantity of cocaine was sufficient to submit to the jury the question of a section 924 violation. *Id.* at 321 ("The presence and availability in light of the evident need demonstrates the use of the firearm to commit the felony. The evidence of the weapons, found in connection with the cocaine and cash, was sufficient to support the submission of the firearms charge to the jury.").[2] We agree that the presence of weapons in a location defendant used to distribute a significant quantity of illegal drugs is sufficient to submit to the jury the issue of whether defendant used the firearms in connection with a drug trafficking crime.

Defendant did not object to the jury charge at trial, and does not argue on this appeal that the jury charge was defective. We have reviewed the jury instructions and conclude the district judge correctly instructed the jury on the elements of a section 924(c)(1) offense.[3] We emphasize the limited scope of our review in these circumstances. We will not overturn the jury's verdict so long as a reasonable juror could have concluded beyond a reasonable doubt that defendant used these weapons in connection with the drug trafficking offense. *United States v. Bell,* 678 F.2d at 549.

The government had to show a connection between the defendant, the guns, and the drugs, such that the jury could have found defendant used the guns in relation to her possession of cocaine with intent to distribute. *See United States v. Feliz–Cordero,* 859 F.2d 250, 254 (2d Cir. 1988). The evidence is sufficient for the jury to have found defendant in constructive possession of the guns. Defendant

---

**2.** This decision involved an earlier version of section 924(c) which prohibited the use of weapons in connection with the commission of a felony. The use element has remained the same, and thus *LaGuardia* still applies.

**3.** The district judge instructed the jury in part as follows: "You must then find from the evidence that Ms. Poole during and in relation to a drug trafficking crime knowingly and unlawfully used or carried a firearm. Use of a firearm as noted in this sections [sic], means that the firearm must have played a purpose or function in carrying out the drug trafficking offense." The district judge used similar language in reinstructing the jury on this offense. The charge is inaccurate in one respect: "unlawfully" is no longer an element of the offense.

owned the premises and had the power to exercise dominion and control over the utility room. *Glasgow*, 658 F.2d at 1043. The guns, including a semi-automatic rifle and a "survival rifle," were partially concealed in a laundry room adjoining the kitchen. This supports the conclusion that defendant knew the guns were there. *See generally Knight*, 705 F.2d at 433–34. The government thus presented sufficient evidence to establish a connection between the defendant and the firearms.

The government also presented sufficient evidence for the jury to have found defendant used the guns in relation to the drug trafficking offense within the meaning of section 924(c). The guns were easily accessible. The laundry room was located next to the kitchen and the dining room. The main implements used for cutting and weighing the cocaine were found in the kitchen and the dining room. The evidence supports the following sequence of inferences: defendant was engaged in selling cocaine; the guns were used to protect the house members and the cocaine; and defendant knew the guns were readily accessible in the utility room. In light of these inferences, we hold the jury could have concluded that defendant used the guns in relation to the drug trafficking crime. *See United States v. Meggett*, 875 F.2d at 29 ("The jury could reasonably conclude that the five loaded firearms in Bradley's apartment were on hand to protect that apartment as a storage and processing point for large quantities of narcotics and that therefore the presence of weapons furthered or facilitated the narcotics operation and was an integral part thereof."); *United States v. Robinson*, 857 F.2d at 1010 (from the presence of seven guns found in defendant's residence "a jury could reasonably conclude that Robinson's possession of the firearms was an integral part of the felony of possessing cocaine with the intent to distribute it"). The evidence is far from overwhelming, but in light of this Court's deferential standard of review of jury verdicts, it is sufficient. *See, e.g., United States v. Matra*, 841 F.2d 837 (8th Cir.1988) (defendant in sole possession of house at time of search had ready access to weapons located in same room as drugs); *LaGuardia, supra* (gun found in closet and in trunk of defendant's car); *United States v. Chase*, 692 F.2d 69 (9th Cir.1982) (discovery in house of pistol with large quantity of cocaine supported conviction under section 924(c)(2)); *United States v. Grant*, 545 F.2d 1309 (2d Cir.1976) (guns found in defendant's office in desk, in steel credenza, under cushions of couch, and behind couch), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977); *but see Feliz–Cordero*, 859 F.2d at 254 ("the fact that a loaded gun was found in the same room as drug paraphernalia ... is not sufficient evidence to sustain a conviction").

▪ Defendant also argues that her possession of the firearms had to be unlawful under state, federal, or local law in order to support a conviction under section 924. *See United States v. Machado*, 804 F.2d 1537, 1546 (11th Cir.1986). *Machado* was decided under the earlier version of section 924(c)(2), which provided, "Whoever ... carries a firearm *unlawfully* during the commission of any felony ..." (emphasis added). In passing the current version of section 924(c)(1), Congress omitted the word "unlawfully." Thus, violation of a federal, state, or local law is no longer an element of a section 924 offense.

## III. CONCLUSION

Defendant's conviction for possession of cocaine with intent to distribute is AFFIRMED. Defendant's conviction for use of a firearm during and in relation to a drug trafficking offense is AFFIRMED.