[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-13887
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-14033-CR-DLG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 11, 2007
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTONIO DENNARD,
a. k. a. Primetime,
JAMES LEE SILLS,
a. k. a. Pee Wee,

Defendants-Appellants.

----------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
----------------------------------------
**(December 11, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Defendants-Appellants Charles Antonio Dennard and James Lee Sills

appeal their convictions for conspiracy to possess with intent to distribute five

kilograms or more of cocaine, 21 U.S.C. §§ 841(a) and 846; and Sills also appeals

his convictions for possession with intent to distribute five or more kilograms of

cocaine, 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug

trafficking crime, 18 U.S.C. § 924(c)(1)(A).[1]  No reversible error has been shown;

we affirm.

I.     Motion to Suppress

We first address Defendants' argument that the district court erred in

denying the motion to suppress intercepted wiretap evidence.  A district court's

denial of a motion to suppress is ordinarily reviewed under a mixed standard.

United States v. Garcia-Jaimes, 484 F.3d 1311, 1320 (11th Cir. 2007), petition for

cert. filed, (U.S. June 11, 2007) (06-11863).  Therefore, we review the district

court's findings of fact for clear error and its application of law to those facts de

novo.  Id.

Defendants contend that officers lacked probable cause to place the March

2004 wiretap on Dennard's cell phone because information in the affidavit used to

---

[1] Although Defendants filed separate briefs in this case, they have adopted each other's arguments. But to the extent that Dennard attempts to adopt -- without additional briefing -- Sills's arguments that the government presented insufficient evidence to support Sills's convictions, we do not address Dennard's challenge.  See United States v. Khoury, 901 F.2d 948, 963 n.13 (11th Cir. 1990) (declining to review defendant's challenge -- raised by adopting the arguments of his co-defendants -- to the sufficiency of the evidence to support a conviction because "the fact-specific nature of an insufficiency claim requires independent briefing if we are to reach the merits").

support the wiretap was stale. According to Defendants, the 2004 wiretap application merely repeated information contained in an October 2003 application supporting a wiretap on the telephone of Oscar Knowles, who was one of Dennard's and Sills's co-defendants.

The district court did not err in denying the motion to suppress. Although the March 2004 wiretap application relied on some events that occurred in 2003, the information provided in the application indicated that Dennard regularly purchased and sold cocaine.[2] See United States v. Harris, 20 F.3d 445, 450-51 (11th Cir. 1994) ("When reviewing staleness challenges we do not apply some talismanic rule which establishes arbitrary time limitations . . . . Because the affidavit alleged ongoing activity and a continuing relationship between coconspirators, the information was not fatally stale."); United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985) ("When criminal activity is protracted and continuous, it is more likely that the passage of time will not dissipate probable cause. . . .").

---

[2]For example, a confidential informant identified Dennard as a weekly or bi-weekly source of supply of cocaine for Antoine Thomas; and the informant personally observed some of these drug transactions. In addition, the informant described Dennard's regular pattern of purchasing cocaine from Knowles.

In addition, the 2004 wiretap application was supported by information not provided in the 2003 application, including an analysis of Dennard's cell phone activity in January 2004 that showed many calls to a phone in Knowles's possession. See United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000) (explaining that, even if an affidavit is stale, "such information is not fatal where the government's affidavit updates, substantiates, or corroborates the stale material") (internal quotation omitted). The affidavit supporting the March 2004 wiretap application contained sufficient information to establish probable cause; and the district court properly denied the motion to suppress.

## II.    Sufficiency of Evidence

We turn to Sills's arguments that the government presented insufficient evidence to support his convictions. Although "[t]he sufficiency of the evidence . . . is a question of law and is reviewed de novo," we review the evidence in the light most favorable to the government and make all inferences and credibility choices in the government's favor. Garcia-Jaimes, 484 F.3d at 1319.

### A.    Possession with Intent to Distribute Cocaine

We first address Sills's argument that the government offered insufficient evidence to support his conviction for possession with intent to distribute cocaine.

4

Sills admits that law enforcement seized a large amount of cocaine and money from his house; but he contends that the government failed to show that he knew about this contraband. In addition, according to Sills, the evidence showed that he was present at a place where Knowles delivered drugs but did not show that Sills actually knew that a drug delivery had occurred.

To convict a defendant under 21 U.S.C. § 841(a)(1), the government must prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute. United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). "Possession can be actual or constructive and can be shown through direct or circumstantial evidence." United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006), cert. denied, 127 S.Ct. 2155 (2007); see also Poole, 878 F.2d at 1392 (explaining that "[c]onstructive possession need not be exclusive and can be proven circumstantially by ownership, dominion, or control over the premises on which the substance is located") (internal citation omitted).

Upon searching Sills's residence, agents discovered seven kilograms of cocaine and approximately $195,000 in cash, most of which was hidden in shoe boxes in a bedroom closet. In addition, at trial, the government introduced recordings of several conversations between Sills and Knowles in which they discussed having or needing a particular number of "o'clocks"; and a Florida

Department of Law Enforcement Special Agent testified that "o'clock" was a reference to kilograms of cocaine.[3]

Although Sills asserted during his trial testimony that he was referring to video game systems and not cocaine during his conversations with Knowles and further contended that the cocaine and money found in his house did not belong to him, the jury was free to disbelieve this testimony. See United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005) (explaining that "the jury, hearing the defendant's words and seeing his demeanor, was entitled to disbelieve his testimony and, in fact, to believe the opposite of what he said") (internal quotation and alteration omitted). Viewing the evidence -- including the large amount of cocaine and cash found hidden in Sills's home and the recorded conversations between Sills and Knowles using code-words for cocaine -- in the light most favorable to the government, we conclude that the evidence was sufficient for the jury to determine that Sills possessed cocaine with intent to distribute it.

B.     Conspiracy to Distribute Cocaine

Sills next contends that the government presented insufficient evidence of a single conspiracy to distribute cocaine. He asserts that the evidence instead

_____

[3]For example, during one of these conversations, Knowles asked Sills about a "two o'clock"; and Sills told Knowles that Sills had "two, three, four, five o'clock, whatever you want."

demonstrated multiple conspiracies between different people with Knowles and that, by failing to show that he was aware of Knowles's activities with other conspirators, the government only presented evidence at trial of a "rimless wheel conspiracy."

To sustain a conspiracy conviction under 21 U.S.C. § 846, the government must offer sufficient evidence to prove beyond a reasonable doubt that (1) an illegal agreement existed to possess with intent to distribute cocaine; (2) Sills knew of the agreement; and (3) Sills knowingly and voluntarily joined the agreement. See United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). "We will not reverse a conviction because a single conspiracy is charged in the indictment while multiple conspiracies may have been revealed at trial unless the variance is (1) material and (2) substantially prejudiced the defendant." United States v. Edouard, 485 F.3d 1324, 1347 (11th Cir. 2007) (internal quotation and alteration omitted). "The arguable existence of multiple conspiracies does not constitute a material variance from the indictment if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that a single conspiracy existed beyond a reasonable doubt." Id.

In this case, the jury could have found that a single conspiracy existed. Each of the conspirators shared the common goal of buying and selling drugs with

Knowles.  See id. ("[T]he finding of a single conspiracy is permitted where a 'key man' directs and coordinates the activities and individual efforts of various combinations of people.").  And two co-conspirators testified that Knowles had drugs available for sale only after Sills had visited him.  Sufficient evidence was presented to support Sills's conviction.

C.    Firearm Possession

Sills also argues that the government presented insufficient evidence to show a nexus between the firearms found at his home and a drug trafficking crime.  We disagree.

Here, Sills does not dispute owning the weapons and ammunition found at his home; and some of these guns were found in the room where almost $195,000 was hidden in a closet.  In addition, seven kilograms of cocaine were found in Sills's home.  Viewing this evidence in the light most favorable to the government, we conclude that a reasonable jury could have determined that a nexus existed between the firearms and the cocaine.  See United States v. Molina, 443 F.3d 824, 829-30 (11th Cir. 2006) ("The nexus between the gun and the drug operation can be established by accessibility of the firearm, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.") (internal quotation and alteration omitted).

We affirm Dennard's and Sills's convictions.

AFFIRMED.