[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10053
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:08-cr-00072-HL-CWH-1


USA,

                                        Plaintiff - Appellee,

versus

ORASAMA ANDREWS,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 9, 2010)


Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.


PER CURIAM:

Orasama Andrews appeals his drug convictions, 21 U.S.C. § 841(a)(1).  No reversible error has been shown; we affirm.

On appeal, Andrews argues that the district court erred in denying his motion for a directed verdict because the government produced insufficient evidence of his guilt.  He contends that the audio and video recordings did not clearly show a drug transaction and that the confidential informants were not credible.  We review "the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005).  We draw all reasonable inferences and credibility choices in favor of the government and the jury's verdict.  Id.

To support a conviction for possession of drugs with intent to distribute under section 841(a)(1), the government had to prove (1) knowledge of possession; (2) possession of a controlled substance; and (3) intent to distribute. United States v. Woodard, 531 F.3d 1352, 1360 (11th Cir. 2008).  All three elements may be proved by either direct or circumstantial evidence.  United States v. Poole, 878 F.2d 1389, 1391-92 (11th Cir. 1989).

Here, evidence showed that police officers began investigating Andrews after receiving several complaints that Andrews was selling drugs in a certain area of Jackson, Georgia.  Officers used two confidential informants to make two

2

controlled buys from Andrews. Andrews met with only one of the informants to complete both drug sales because he did not know the other informant. After each sale, the informant reported back to the officers with the drugs he had purchased. An audio recording of the first transaction and a video recording of the second transaction were played to the jury. Both informants and the investigating officers testified consistently about the drug transactions.

Based on this evidence (and drawing all reasonable inferences in the government's favor), we conclude that sufficient evidence supports Andrews's conviction. Testimony about the two controlled drug buys -- along with the audio and video evidence documenting these buys -- showed that Andrews possessed and distributed the drugs. While Andrews points out that the video and audio transmissions did not completely capture both transactions, the witnesses' testimony provided sufficient evidence of the transactions without the video and audio recordings; and the testimony also explained what may have been unclear in the recordings.

Andrews also challenges the credibility of the informants. But we are "bound by the jury's credibility determinations and by the jury's rejection of the inferences raised by the defendant." United States v. Hernandez, 433 F.3d 1328, 1334 (11th Cir. 2005) (citation omitted). And here, the jury had full knowledge of

the informants' criminal histories and of the benefits they received for cooperating with the investigation. The evidence was sufficient for the jury to find Andrews guilty beyond a reasonable doubt. See United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006) (explaining that "[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt").

Andrews also argues that the district court abused its discretion in not granting his motion for a mistrial; the motion was based on witness testimony that Andrews earlier had served time in federal prison. We review the district court's denial of a motion for a mistrial for an abuse of discretion. United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994).

On cross-examination, one of the informants testified about his telephone conversation with Andrews.[1] The informant noted that Andrews explained to him that he was trying to be careful about his drug transactions and that Andrews told him Andrews was "watching out for the FBI because he had been in the fed before."

---

[1]The audio recording of this conversation only recorded the informant's side of the conversation.

We conclude that the district court abused no discretion in denying Andrews's motion for a mistrial. The comment about Andrews's prior time in federal prison was isolated, inadvertent, and vague. The comment provided no information about prior crimes by Andrews. We generally uphold a district court's refusal to grant a mistrial where, as here, the comments presented to the jury were "spontaneous and singular." United States v. Funt, 896 F.2d 1288, 1295 n.5 (11th Cir. 1990). Furthermore, as discussed above, the government produced other significant evidence of Andrews's guilt; and we cannot say that the comment had a substantial impact on the government's verdict. Improper and prejudicial testimony "is less likely to mandate a mistrial when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact" on the jury's verdict. United States v. Rouco, 765 F.2d 983, 992 (11th Cir. 1985) (internal quotation and citation omitted).[2]

AFFIRMED.

---

[2]Andrews faults the district court for not sua sponte issuing a curative instruction about the comment. But the decision not to give a curative instruction was within the court's discretion. See United States v. Anderson, 782 F.2d 908, 916 (11th Cir. 1986); see also Willis v. Kemp, 838 F.2d 1510, 1519 n.19 (11th Cir. 1988) (the court is not required to give a sua sponte curative instruction every time the jury hears improper evidence).