[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

No. 11-11228
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00093-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE JAMAAL GUYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 18, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Andre Guyton appeals his convictions for distribution of ecstasy and

cocaine, 21 U.S.C. § 841(a)(1). Guyton argues the evidence was insufficient to

support the jury verdict because there was no direct visual evidence of his alleged distribution. After review, we affirm Guyton's convictions.

To sustain a conviction for distribution of a controlled substance, the Government had to prove knowing distribution. *See United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). Distribution means "to deliver a controlled substance," or the "actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. § 802(11),(8). Both elements can be provided by either direct or circumstantial evidence. *Poole*, 878 F.2d at 1391-1392.

The Government's evidence against Guyton was overwhelming. A confidential informant testified she participated in two controlled buys with Guyton and purchased controlled substances from him on both occasions. Audio recordings of both controlled buys were presented, as well as recordings of telephone conversations between the informant and Guyton regarding the price and amounts of ecstasy and cocaine to be bought. Multiple witnesses identified Guyton's voice on the recordings. Moreover, law enforcement officers testified they observed Guyton at the scene of both controlled buys.

At the close of the Government's case, Guyton did not move the court for a judgment of acquittal[1] and elected to testify on his own behalf. He claimed the informant was lying, and denied it was his voice in the audio recordings. On cross-examination, Guyton admitted he had multiple prior drug convictions as well as a conviction for theft by receiving stolen property. Guyton also revealed he was indeed involved in a recorded conversation where he referred to "G":

Q: Who's the guy you refer to as "G" on the recordings?

A: You talking about "G," a girl?

Q: You heard the recording. When you talk about "G"—

A: — I know, I was talking about my home girl.

Q: Okay, I thought you weren't there.

A: (No response.)

Q: I thought you said you weren't there.

A: (No response.)

Q: So that was you on the recordings.

A: No, that wasn't me.

---

[1] When a defendant fails to challenge the sufficiency of the government's evidence by a motion for a judgment of acquittal at the close of the evidence, we will reverse a conviction only to prevent a manifest miscarriage of justice. *United States v. Tagg*, 572 F.3d 1320, 1323 (11th Cir. 2009). "This standard requires the appellate court to find that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.*

The jury was entitled to conclude Guyton was lying when he denied that he sold drugs to the informant and denied that his voice was captured on the audio recordings. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt."). Even without visual evidence of the actual transfer that Guyton claims is needed, the evidence was sufficient to sustain his convictions, regardless of the standard of review applied.

**AFFIRMED.**