[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10171
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00074-RDP-HGD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARCHIE LEE ATKINS,
a.k.a. Archie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 6, 2013)

Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Archie Atkins appeals his conviction for one count of robbery, in violation of 18 U.S.C. § 1951, one count of using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, Atkins argues the evidence was inconsistent and insufficient to convict him. After review, we affirm Atkins' convictions.

We review the sufficiency of the evidence *de novo*. *United States v. Maxwell,* 579 F.3d 1282, 1299 (11th Cir. 2009). In determining whether sufficient evidence exists, we view the evidence in the light most favorable to the Government, and ask whether a reasonable fact finder could have concluded beyond a reasonable doubt that the defendant was guilty. *Id.* "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). Credibility determinations are the province of the jury, and we assume the jury resolved those determinations in a manner that supports its verdict. *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). When a criminal defendant chooses to testify on his own behalf, and there is corroborative evidence of guilt, his statements, if disbelieved by the jury, may be considered as

2

substantive evidence of his guilt. *United States v. Brown*, 53 F.3d 312, 314–15 (11th Cir. 1995).

To obtain a robbery conviction, the Government must prove the defendant knowingly acquired someone else's property against the victim's will by using actual or threatened force or violence or causing the victim to fear harm, and such actions obstructed, delayed, or affected interstate commerce.  18 U.S.C. § 1951. To sustain a conviction under 18 U.S.C. § 924(c)(1)(A), the Government must present sufficient evidence that the defendant carried or used a firearm during the commission of a crime of violence.  To convict a defendant under 18 U.S.C. § 922(g)(1), the Government must show the defendant knowingly possessed ammunition and "was previously convicted of an offense punishable by a term of imprisonment exceeding one year," and the ammunition "was in or affecting interstate commerce."  *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008).

There was sufficient evidence to support Atkins' convictions.  Co-defendant Arthur Williams testified that he, Atkins, and Darrell Wilkins robbed an armored car driver.  Atkins carried a gun, which he pointed at the driver as Williams and the driver were struggling.  Williams stated that, after the driver saw Atkins' gun, the driver ceased struggling, and dropped a bag containing cash and checks into

3

their vehicle.  In conjunction with evidence that many of the stolen checks would have been processed out of state, Williams' testimony established that Atkins committed robbery.  Williams' testimony also established that Atkins carried and used a firearm during the robbery, a crime of violence.  Although Atkins testified he was not involved, the jury was entitled to believe Williams and disbelieve Atkins.  *See Thompson*, 473 F.3d at 1142; *Brown*, 53 F.3d at 314-15.

The evidence presented at trial was also sufficient to show Atkins committed the crime of being a felon in possession of ammunition.[1]  There is no dispute that officers found ammunition inside Atkins' truck when he was arrested; the only disputed issue was whether Atkins knew the ammunition was inside his truck.  Williams testified that during the robbery, Atkins carried a .45 caliber Glock.  The ammunition found inside Atkins' truck was for a .45 caliber Glock.  A reasonable juror could have inferred that Atkins would have known about ammunition designed for use in a gun that he carried during a robbery a little more than a week earlier.  Although Atkins testified he did not know about the ammunition, because there was corroborating evidence of guilt, the jury was entitled to conclude otherwise.  *See Brown*, 53 F.3d at 314-15.

---

[1]  The parties stipulated that Atkins was a felon and that the ammunition had moved in interstate commerce.

**AFFIRMED.**