[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14125
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00013-MTT-CHW-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL TODD MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 10, 2020)

Before BRANCH, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Russell Todd Mathis was convicted of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and aiding and abetting the possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  He was sentenced to life in prison and now appeals his convictions and sentence.  With respect to his convictions, he argues that the government failed to present sufficient evidence to support the jury's verdict.  With respect to his sentence, he argues that the district court erred in considering acquitted conduct during sentencing, or alternatively, that the district court erred by concluding that the government proved by a preponderance of the evidence that he possessed a dangerous weapon for purposes of an enhancement under U.S.S.G. § 2D1.1(b)(1).  We reject his arguments and affirm.

I

We review de novo the denial of a motion for judgment of acquittal on sufficiency grounds.  *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).  We view the evidence "in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."  *Id*.  We will affirm a district court's denial of a motion for judgment of

2

acquittal if a reasonable jury could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt. *Id.*

We review constitutional challenges to a defendant's sentence de novo. *United States v. Bowers*, 811 F.3d 412, 430 (11th Cir. 2016). We review the district court's factual findings for clear error and will "not disturb the district court's finding of fact unless we have a definite and firm conviction that a mistake has been made." *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015) (internal quotation marks omitted).

## II

We readily reject Mathis's argument that the evidence was insufficient to convict him. Even a short recitation of some evidence against him is enough to conclude that a reasonable jury could find him guilty of both crimes of conviction beyond a reasonable doubt.

First, we consider his conspiracy conviction. To prove a conspiracy to distribute narcotics, the government must show "that 1) an agreement existed between two or more persons to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture." *United States v. Matthews*, 168 F.3d 1234, 1245 (11th Cir. 1999). The government establishes proof of a single conspiracy when it shows that the defendant either facilitated the actions of co-conspirators or the venture as a

whole.  *United States v. Chandler*, 388 F.3d 796, 811–12 (11th Cir. 2004).  The government may prove the existence of a conspiracy through circumstantial evidence, including inferences from the conduct of alleged participants.  *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005).

Here, the government presented ample evidence for a reasonable jury to convict Mathis of conspiracy.  Walter Williams testified that Mathis routinely purchased methamphetamine from him in increasingly large quantities.  This was corroborated by evidence—from a roving wiretap targeting Williams—of numerous texts and calls indicating drug transactions between Williams and Mathis.  Williams testified that when Mathis got in trouble and was required to wear an ankle monitor, he would send his girlfriend, Elizabeth Gallaher, to pick up the drugs.  Moreover, Dana Stokes and Ashley Shaw both testified that Mathis purchased large quantities of methamphetamine from Williams and worked with others to distribute it.  Williams, Shaw, and Stokes, each identified purchases or sales of methamphetamines by Mathis that jury could reasonably conclude amounted to participation or facilitation of the conspiracy.

Additionally, three large quantities of methamphetamine seized in the course of the investigation had a nexus to Mathis.  *First,* a significant quantity of methamphetamine and a firearm were found in the car of Elizabeth Gallaher, with text messages from the wiretap and phone call recordings from the jail indicating

4

that Gallaher was transporting the methamphetamine at the direction of Mathis. *Second,* a Pringles can filled with methamphetamine was seized from a home where Mathis's truck was parked and where a man generally matching Mathis's description was seen fleeing at the time of the police raid. And *finally*, a bag of methamphetamine, a firearm, and a scale were seized from a backpack Mathis was seen wearing. All of this evidence was more than sufficient to sustain the jury's verdict on the conspiracy charge.[1]

Mathis's possession with intent to distribute conviction is also supported by ample evidence. To support a conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove three elements: (1) knowledge, (2) possession, and (3) intent to distribute. *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). Possession may be actual or constructive, and if the defendant "exercised some measure of dominion or control over the contraband," regardless of whether this control was shared with others, the

---

[1] Mathis suggests that we should only consider the methamphetamine found in Gallaher's car because he was acquitted of the possession charges stemming from the other seizures. This is incorrect. The Supreme Court has explained that sufficiency-of-the-evidence review is "independent of the jury's determination that evidence on another count was insufficient." *United States v. Powell*, 469 U.S. 57, 67 (1984). And in the RICO context, we have held that "neither the acquittal of appellants nor their codefendants on other counts alleging similar or related conduct is relevant to the issue of whether sufficient evidence supports appellants' RICO conspiracy convictions." *United States v. Shenberg*, 89 F.3d 1461, 1470 (11th Cir. 1996); *see also United States v. Munoz*, 430 F.3d 1357, 1366 n.8 (11th Cir. 2005) (A "defendant can be convicted of conspiracy but acquitted of the substantive crimes."). In any event, even if Mathis were correct, substantial evidence still supports his convictions and it would not change our result.

defendant constructively possessed it. *United States v. Pantoja-Soto*, 739 F.2d 1520, 1525 (11th Cir. 1984) (internal quotation marks omitted). Additionally, the intent to distribute may be inferred from the quantity of contraband seized. *United States v. Iglesias*, 915 F.2d 1524, 1528 (11th Cir. 1990). "In proving that a defendant aided and abetted possession of a controlled substance with intent to distribute, the government must introduce evidence connecting defendant with both aspects of the crime, possession and intent to distribute." *Pantoja-Soto*, 739 F.2d at 1525 (internal quotation marks omitted).

The government provided numerous texts, calls, and testimony to show that Gallaher's possession of the methamphetamine on October 8, 2016 was pursuant to an arrangement between Williams and Mathis. Williams testified that he would "front" distribution quantities of methamphetamine to Mathis who would repay him later. He testified that when Mathis was unable to meet due to his ankle monitor, he would send Gallaher to pick up the drugs instead. When the large quantity of methamphetamine (664.2 grams) was found in Gallaher's vehicle following a traffic stop, contemporaneous phone calls between Williams and Mathis—captured on the wiretap—suggested that her activity was coordinated by the two men. And finally, the day after Gallaher's arrest, a recorded jail phone call demonstrated that Mathis was directing Gallaher. When Gallaher said "I put myself into this position," Mathis responded: "You didn't. I did." And later in the

6

same call, when Gallaher said that she was "sorry," Mathis responded ". . .for

what?  Doing what I asked you too?"  All of this evidence was more than sufficient

for a reasonably jury to conclude that Mathis aided and abetted Gallaher's

possession of methamphetamine with intent to distribute.

### III

We also reject the challenge to Mathis's sentence.  Mathis argues that the

district court improperly considered acquitted conduct when it found, for

sentencing purposes, that he possessed a firearm.  He makes two alternative

arguments on this point.  *First*, he argues that because the jury acquitted him of the

possession of a firearm and the related drug offense, the district court improperly

considered the firearm at sentencing.  *Second*, he argues—in a single sentence with

no elaboration—that the "trial court erred in finding, by preponderance of the

evidence, that Mr. Mathis possessed a firearm."

We can reject his first argument based on clear precedent.  "It is well

settled . . . that the sentencing court may consider any fact for which a defendant

has been acquitted as long as the Government proves, by a preponderance of the

evidence, the occurrence of that conduct and as long as the enhancement results in

a sentence below the maximum statutory penalty authorized by the jury's verdict."

*Maddox*, 803 F.3d at 1220.  Because the district court found that the government

proved the possession of a firearm by a preponderance of the evidence, and

because it sentenced him to a statutorily authorized penalty, it properly applied the U.S.S.G. § 2D1.1(b)(1) enhancement.

We can also easily dispose of his second point. When reviewing the application of a sentencing enhancement, we will "not disturb the district court's finding of fact unless we have a definite and firm conviction that a mistake has been made." *Maddox*, 803 F.3d at 1220 (internal quotation marks omitted). We have no such conviction here. It was not clear error for the district court to conclude, by a preponderance of the evidence, that Mathis possessed the firearm. Testimony established that two officers saw Mathis wearing a backpack, followed him to a house, arrested him, and discovered a pistol and methamphetamine inside the backpack.

**AFFIRMED.**

8