[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13136
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-20053-RKA-1


TAVARES MCCRAY,

Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Plaintiff-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 25, 2020)

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Tavares McCray appeals his convictions for possession with intent to distribute a controlled substance within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a)(1), and maintaining a drug-involved premises within 1000 feet of a school, in violation of 21 U.S.C. §§ 856(a)(1) and 860(a).  On appeal, McCray contends that the government failed to present sufficient evidence to support his convictions.

The facts of the case are known to the parties, and we will not repeat them here except as necessary to resolve the case.

The inquiry into the sufficiency of the government's evidence produced at trial is a question of law subject to *de novo* review.  *See United States v. LeCroy*, 441 F.3d 914, 924 (11th Cir. 2006); *see also United States v. Byrd*, 403 F.3d 1278, 1288 (11th Cir. 2005).  We view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in the government's favor.  *See LeCroy*, 441 F.3d at 924; *Byrd*, 403 F.3d at 1288.  "In order to uphold the lower court's denial of [a defendant's motion for] judgment of acquittal and the jury's guilty verdict, [we] need only find that a reasonable fact finder could conclude that the evidence establishe[d] the defendant's guilt beyond a reasonable doubt."  *United States v. Keller*, 916 F.2d 628, 632 (11th Cir. 1990).  The evidence need not "exclude every [possible] hypothesis of innocence or be wholly inconsistent with [any] conclusion except that of guilt."  *United States v.*

2

*Tinoco*, 304 F.3d 1088, 1122 (11th Cir. 2002) (quotation omitted).   Instead, "[t]he jury is free to choose among reasonable constructions of the evidence." *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995); *see also United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997).

## I

Section 841(a)(1) of Title 21 makes it unlawful to "knowingly or intentionally . . . possess with intent to . . . distribute . . . a controlled substance." *Id.* To sustain a conviction under this statute, the government must prove (1) knowledge, (2) possession, and (3) intent to distribute. *See United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). "All three elements can be proven by either direct or circumstantial evidence." *Id.* at 1391–92. "Evidence of surrounding circumstances can prove knowledge." *Id.* at 1392  Likewise, "[i]ntent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *Id.*  Section 860 enhances the penalty for violations of § 841(a)(1) if the perpetrator committed such conduct within 1000 feet of a school.

As an initial matter, McCray argues that the government's proof was insufficient because very little physical evidence was presented to the jury.  We disagree.  The jury could convict McCray on the basis of the photographic and

circumstantial evidence with which it was presented. *See United States v. Flores*, 572 F.3d 1254, 1262–63 (11th Cir. 2009). When viewing that evidence in the light most favorable to the government, it is sufficient to support the jury's finding that McCray knowingly possessed an illegal substance. *See Keller*, 916 F.2d at 632; *Byrd*, 403 F.3d at 1288.

McCray separately contends that the evidence was insufficient to prove that he knowingly possessed drugs. Again, we disagree. First, as to McCray's knowledge of the presence of drugs in his home, the evidence showed the following: (1) officers found a drug scale with visible cocaine residue on it in plain view on the kitchen countertop; (2) they found McCray's prescription bottles near the cocaine-covered drug scale; and (3) they found McCray's personal mail, some of which was opened, was found stored in the same kitchen drawer as plastic baggies that were used to package the drugs found elsewhere in the home. The jury could reasonably infer that McCray knew that drugs were present in his home based on the paraphernalia that was present in the kitchen either because it was found in plain view or because McCray clearly had access to the areas it was discovered.

Second, as to McCray's possession of the drugs, the evidence demonstrated that McCray admitted ownership of the house by referring to it as his "crib" and, moreover, that McCray's own witness identified him as his neighbor who lived in

4

the house.  Additionally, a search of McCray's person revealed two bundles of cash in his right pocket, totaling $2424.  Viewing this evidence in the light most favorable to the government, a reasonable juror could infer that McCray (1) owned the home where the drugs were found, (2) knew the drugs were there based on the presence of residue and paraphernalia in plain view and in spaces McCray clearly used, and (3) was a participant in the illegal enterprise based on his control over the home, his knowledge of the drugs, and the large amount of cash found on his person.

For all these reasons, we hold that sufficient evidence supports McCray's conviction on Count 1.

## II

Section 856(a)(1) of Title 21 provides that it is unlawful to "knowingly open . . . or maintain any place . . . for the purpose of manufacturing, distributing, or using any controlled substance."  *Id.*  To sustain a conviction under this statute, the government must prove "that the defendant (1) knowingly, (2) operated or maintained a place, (3) for the purpose of manufacturing, distributing, or using any controlled substance."  *United States v. Clavis*, 956 F.2d 1079, 1090 (11th Cir. 1992).  The offense requires two mental elements—knowledge and purpose.  *See id.*  Section 860 enhances the penalty for violations of §§ 841(a)(1) and 856 if the perpetrator committed such conduct within 1000 feet of a school.

5

When considering whether there is sufficient evidence of knowingly maintaining a drug-involved premises, the court can consider acts evidencing such matters as control, duration, acquisition of the site, renting or furnishing the site, repairing the site, supervising, protecting, supplying food to those at the site, and continuity. *See Clavis*, 956 F.2d at 1090–91.

McCray first argues that the government failed to prove his knowledge of the criminal enterprise taking place in his home. We disagree. As already explained, the evidence presented at trial supports a reasonable inference that McCray was aware of the drugs in his home.

McCray next argues that the government failed to show that he maintained the home for the purpose of drug distribution. Again, we disagree. The evidence showed both (1) that numerous items relating to distribution, including the drug scale and a variety of plastic baggies, were discovered in the home; and (2) that the plastic baggies, which are commonly used to distribute drugs, were the same baggies used to package the powder cocaine and crack cocaine found in the other areas of the house. Accordingly, the jury could reasonably infer that McCray used the baggies to package the controlled substances found at his home. The jury could also have reasonably inferred that McCray maintained the house for a drug-involved purpose based on the fact that he owned the home, which contained tools and supplies connected to distributing powder cocaine and crack cocaine. These

6

tools, supplies, and furnishings, combined with the large quantity of cash found on McCray's person and his long-term ownership of the home, indicates a business-like and continuing enterprise, as opposed to a one-off incident.  *See Clavis*, 956 F.2d at 1090–91.

For all these reasons, we hold that sufficient evidence supports McCray's conviction on Count 2.

*   *   *

Because the evidence was sufficient for a reasonable juror to find that McCray both (1) knowingly possessed the drugs in his home and (2) maintained his home for the purpose of distributing those drugs, we affirm.

**AFFIRMED.**