[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12431
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00308-MSS-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARMONTE LATREZ JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2020)

Before WILLIAM PRYOR, Chief Judge, MARTIN, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Sharmonte Johnson appeals his conviction, after a jury trial, of two counts of possession with intent to distribute illegal narcotic U-47700, and one count of conspiracy to possess with intent to distribute U-47700.  He argues that hearsay statements by a coconspirator were improperly admitted into evidence at trial, and that there was insufficient evidence to convict him on all three counts.  After careful consideration, we affirm.

**I.**

Johnson was arrested as part of a state and federal investigation of opioid distribution in Pinellas County, Florida, from 2017 to 2018.  In the course of this investigation, a confidential informant contacted Larry Christian, Jr., on November 28, 2017, to order "a zip" (meaning one ounce of powdered drugs) of either heroin, cocaine, or U-47700.  Christian said someone would meet the informant at "the spot," which was a gas station in St. Petersburg.  Christian also confirmed a price of $1900.

On a later call but before the purchase, the informant asked Christian who he would be meeting.  The informant asked whether Johnson, also known as "Dudz," was with Christian.  Christian responded that Johnson was not with him, but that he was about to meet Johnson and then go see the informant.

When the informant got to the gas station, Christian was not there.  Instead, Johnson arrived alone, driving a red Chrysler.  The informant joined Johnson in the

2

Chrysler and left with 27.93 grams of U-47700 in the form of a brown powder. When the informant left the Chrysler, he no longer had the $1900 in buy money he took with him into the car.

On June 1, 2018, the informant arranged another deal for 200 counterfeit oxycodone pills at a price of $2200. Police told the informant to talk to Tavani Glaze, but Glaze was not available to do the deal. The informant spoke to Christian instead. Christian told the informant he was with Johnson and they were "getting in the car right now." The informant told Christian he was "supposed to meet [Johnson]" at Glaze's apartment "to grab some of those things from him." The informant then called Glaze, asking if he should hold "the cheese," meaning the money owed for the narcotics, for Glaze. Glaze instructed the informant not to hold the money and to hand it over at the deal. In a second call, Glaze told the informant that Johnson was on his way to Glaze's apartment.

Johnson picked Christian up in the red Chrysler and they drove to Glaze's apartment. With Johnson and Christian parked in the Chrysler, the informant entered their vehicle with the buy money and left with blue pills containing 22.88 grams of U-47700.

Johnson, Christian, Glaze, and a third codefendant, Sirrico Swinton, were indicted on various drug charges. All four codefendants were charged with conspiring to possess with intent to distribute U-47700 in violation of 21 U.S.C.

3

§ 846 and § 841(b)(1)(C).  On the basis of the November 2017 sale, Johnson and Christian were charged with possessing with intent to distribute U-47700 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  And stemming from the June 2018 sale, Johnson, Glaze and Christian were charged with possessing with intent to distribute U-47700 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

Johnson exercised his right to a jury trial.  During the presentation of the government's case, Johnson objected to the admission of Government Exhibits 3A and 4A.  Both exhibits were transcripts of recorded conversations between the confidential informant and Larry Christian that took place on November 28, 2017, the date of the first controlled buy.

Johnson argued that Exhibits 3A and 4A were inadmissible hearsay because there was no evidence "tying Mr. Johnson to Larry Christian" for purposes of the controlled buy.  The government responded that it was seeking to admit the transcripts as "co-conspirator statements made during the course of and in furtherance of the conspiracy."  The district court instructed the government to lay the proper predicate for the co-conspirator hearsay exception and sustained Johnson's objection in the meantime.

Government witness Detective Shawn Walsh of the Pinellas County Sheriff's Office then testified that, according to video secretly captured by the confidential informant, it was Johnson who completed the drug transaction on

4

November 28, 2017.  The district court accepted this testimony as a sufficient factual predicate for the co-conspirator hearsay exception and admitted Exhibits 3A and 4A over Johnson's continued objection.

After the government's case and before closing statements, Johnson moved for a judgment of acquittal on all three counts.  The district court denied his motion both times, reasoning that there was sufficient evidence to convict on all counts.  The jury convicted Johnson as charged.  Johnson was sentenced to 97-months imprisonment, followed by three years of supervised release.  He timely appealed.

## II.

This Court reviews a district court's evidentiary rulings for abuse of discretion.  United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).  We examine de novo the sufficiency of the evidence at trial, drawing all reasonable inferences and credibility evaluations in favor of the verdict.  United States v. Frank, 599 F.3d 1221, 1233 (11th Cir. 2010).

## III.

### A.

We first address Johnson's contention that the district court improperly admitted the transcripts of conversations between Christian and the confidential informant.  This argument is without merit.

5

Rule 801 of the Federal Rules of Evidence explains that some out-of-court statements offered for their truth are not hearsay.  One category of non-hearsay is statements "made by [an opposing] party's coconspirator during and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  To introduce a co-conspirator statement under this rule, "the government must show by a preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and the [hearsay] declarant were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy."  United States v. Hough, 803 F.3d 1181, 1193 (11th Cir. 2015).  When determining admissibility of a coconspirator statement, "the court may consider both the coconspirator's hearsay statement and independent outside evidence."  United States v. Van Hemelryck, 945 F.2d 1493, 1498 (11th Cir. 1991).

The district court did not abuse its discretion in admitting the transcribed conversations between Christian and the informant, because the government met its burden to show the conversations qualified as coconspirator statements.  First, the government showed by a preponderance of the evidence that Johnson and Christian were members of a conspiracy to sell illegal narcotics.  A conspiracy requires an agreement between the defendant and another person with the purpose of performing an unlawful act, such as violating the narcotics laws.  See United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998).  The government introduced

6

evidence that Christian and the informant discussed trading "a zip"—one ounce of powdered drugs—for "19." And the government showed that, after this conversation, Johnson showed up by himself at the usual "spot" to meet the informant. Johnson then delivered roughly one ounce of brown powder containing U-47700 to the informant and collected the $1900. This showed by a preponderance of the evidence that Johnson and Christian agreed to sell U-47700 to the informant.

The government also introduced evidence that Christian's conversations with the confidential informant on November 28, 2017, were in furtherance of this conspiracy. The conversations themselves make this clear. Christian and the informant negotiated the price for a "zip" to be delivered at "the same spot." Christian made these statements to arrange a sale of narcotics, and Johnson carried out the sale. Given this evidence, the district court did not abuse its discretion in admitting the transcripts of conversations between Christian and the confidential informant.

## B.

Johnson also argues there was not sufficient evidence to convict him at trial. We are not persuaded.

## 1.

7

First, Johnson challenges his conviction on two counts of possessing with intent to distribute U-47700, in violation of 21 U.S.C. § 841(a)(1). A conviction under § 841(a)(1) requires the government to prove, through direct or circumstantial evidence, (1) knowledge, (2) possession, and (3) intent to distribute. United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989) (per curiam).

Johnson contends that the government did not prove his knowledge of the narcotics. He argues that, although he was "involved in 2 hand to hand drug transactions," the government did not introduce evidence that he knew "about the purpose of these transaction[s] and what the substance was that was being sold." Appellant's Br. at 11–12.

Johnson points to United States v. Louis, 861 F.3d 1330 (11th Cir. 2017), where our Court reversed a conviction under § 841(a)(1) for insufficient evidence that the defendant knowingly possessed a controlled substance. Id. at 1335. The defendant in Louis was arrested at the shipyard where he worked, after picking up two sealed boxes from his employer's ship in his personal automobile. Id. at 1332. Mr. Louis ran from police when the car was stopped. Id. The boxes in his car were found to contain cocaine. Id. We reversed the conviction because "the evidence [did] not prove that Louis knew that the boxes contained a controlled substance." Id. at 1334. We held that Louis's presence at the shipyard and his flight from police did not establish knowledge, especially because his presence

8

with the boxes was "brief" and he "was never left completely alone with the boxes." Id. at 1334–35.

Louis does not support reversing Johnson's conviction. Viewing the evidence against Johnson in the light most favorable to the jury's guilty verdict, a reasonable jury could have convicted Johnson on his possession charges. The government introduced evidence that Johnson—by himself—delivered one ounce of brown powder (found to contain U-47700) to the informant in exchange for the previously agreed-upon amount: $1900. He made the trade at the location Christian specified as the place the informant could pick up "a zip." A few months later, the same informant stated he was going to meet Johnson for a pick-up. Johnson and Christian then delivered a baggie of 200 blue counterfeit oxycodone pills (found to contain U-47700) to the informant in exchange for $2200. These circumstances were sufficient for a reasonable jury to infer that Johnson knowingly possessed U-47700 when he sold it to the informant on November 28, 2017, and June 1, 2018. See United States v. Anderson, 289 F.3d 1321, 1325 (11th Cir. 2002) (holding sufficient evidence supported a § 841(a)(1) conviction, because the defendant "engage[d] in what appeared to be two hand-to-hand drug sales"). Thus, the district court did not err in denying Johnson's motion to acquit on the possession charges.

2.

Next, Johnson challenges his conviction for conspiring to possess with intent to distribute U-47700 under 21 U.S.C. § 846. The government introduced sufficient evidence to support this conviction as well.

To secure a conviction under § 846, the government must show an agreement between the defendant and one or more persons to do an unlawful act. See Toler, 144 F.3d at 1426. The government can prove a conspiracy by circumstantial evidence. United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005) (per curiam). The evidence need not prove that the defendant "knew all of the detail[s] or participated in every aspect of the conspiracy." Id. Instead, it must only show that the defendant "knew the essential nature of the conspiracy." Id. (quotation marks omitted).

Johnson argues he did not agree "to partake in a broad conspiracy spanning the better part of a year" and that his two drug sales "were isolated and independent of each other in every way." Appellant's Br. at 11–12. There was sufficient evidence, however, that Johnson agreed with Christian and Glaze to unlawfully sell U-47700. For the November 2017 sale, Christian took the informant's order for one ounce of powdered U-47700 and Johnson delivered the order and collected the money. For the June 2018 sale, Glaze took the informant's order for 200 pills and told the informant to turn over "the cheese," or the money, at the time of the sale. The informant called Christian and told him he was

10

supposed to meet with Dudz, meaning Johnson, to "grab some of those things from him." Johnson and Christian traveled together to Glaze's house, gave the informant the ordered pills, and took the cash with Glaze's authorization.

In both instances, Johnson delivered U-47700 and collected payment to carry out deals arranged by Christian and Glaze. Viewed in the light most favorable to the verdict, this evidence showed "a meeting of the minds to commit an unlawful act." See Toler, 144 F.3d at 1426 (quotation marks omitted). A reasonable jury could find that Johnson knew the essential nature of the conspiracy—to sell illegal narcotics—and joined it. For these reasons, the district court did not err in denying Johnson's motion for acquittal on the conspiracy count.

**AFFIRMED.**