[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16257
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00022-JSM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO CORONADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2013)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Alfredo Coronado appeals his convictions for conspiracy to possess with

intent to distribute 50 grams or more of methamphetamine, in violation of 21

U.S.C. § 846 (Count 1), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2 (Count 4). For the reasons set forth below, we affirm Coronado's convictions.

## I.

At trial, several of Coronado's codefendants testified that they had assisted Coronado in distributing methamphetamine to others or knew that Coronado had distributed methamphetamine to others. Henry Corona, Coronado's nephew, testified that he provided Coronado with methamphetamine that Corona had obtained from a Georgia drug supplier and that Coronado assisted Corona in his dealings with the supplier. Following the two-day trial, the jury found Coronado guilty of Counts 1 and 4. The court sentenced Coronado to a total sentence of 240 months' imprisonment.

## II.

On appeal, Coronado argues that the evidence was insufficient to support his convictions as to Counts 1 and 4. Coronado acknowledges that his codefendants testified that Coronado supplied methamphetamine to others, but he challenges the credibility of that testimony. Coronado further argues that there is no reliable evidence that he ever possessed methamphetamine or intended to distribute methamphetamine.

We review both a challenge to the sufficiency of the evidence and the district court's denial of a Fed.R.Crim.P. 29 motion for a judgment of acquittal *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor, and affirm the conviction if, based on this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* It is not necessary that the evidence presented at trial excludes every reasonable hypothesis of innocence or is wholly inconsistent with every conclusion except that of a defendant's guilt. *Id.* We are "bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant." *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005).

To sustain a conviction for conspiracy to distribute drugs, the government must prove that "1) an agreement existed between two or more people to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture." *United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009) (quotation omitted). The government does not need to show that the defendant knew all of the details or participated in every aspect of the conspiracy, only that the defendant "knew the essential nature of the conspiracy." *United States v. Garcia*, 405 F.3d 1260, 1269-

3

70 (11th Cir. 2005) (quotation omitted).  Whether the defendant knowingly volunteered to join the conspiracy may be proven by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.  *Id.* at 1270.

To support a conviction under 21 U.S.C. § 841(a)(1), the government must establish that the defendant (1) knowingly (2) possessed methamphetamine (3) with intent to distribute it.  *See* 21 U.S.C. § 841(a)(1); *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006).  Knowledge, possession, and intent can be proved by direct or circumstantial evidence.  *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989).  Intent to distribute can be proved circumstantially from the quantity of drugs.  *Id.* at 1392.

Here, the evidence was sufficient to support Coronado's conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine.  Corona testified that he gave quantities of methamphetamine to Coronado to sell and that Coronado assisted Corona in his dealings with a Georgia drug supplier.  Additionally, Corona testified that Coronado sold the methamphetamine Corona gave him to others.  Corona further testified that, on October 18, 2011, Coronado received 8 ounces, or 224 grams, of methamphetamine from the Georgia drug supplier, and Coronado and Robert Harrelson were going to sell that methamphetamine.  Coronado's codefendants'

4

testimony corroborated Corona's testimony.  Based on this evidence, a jury could conclude that Coronado agreed with Corona and others to possess with the intent to distribute 50 grams or more of methamphetamine.  Coronado knowingly participated in the conspiracy by meeting with the drug supplier and selling the methamphetamine to others.  Thus, the evidence was sufficient for the jury to have found Coronado guilty of conspiracy.

The evidence was also sufficient to support Coronado's conviction for possession with intent to distribute 50 grams or more of methamphetamine.  As discussed above, the testimony showed that, on October 18, Coronado received methamphetamine, and he and Harrelson left together in a truck to sell that methamphetamine.  Law enforcement later stopped Harrelson's truck and discovered the eight ounces of methamphetamine, which was packaged in eight separate bags, each of which contained one ounce of the drug.  Trial testimony showed that the quantity of methamphetamine discovered was consistent with quantities commonly used for distribution, and intent to distribute can be proven circumstantially from the quantity of drugs.  *See Poole*, 878 F.2d at 1392.  Thus, the evidence showed that Coronado possessed with the intent to distribute 50 grams or more of methamphetamine.  To the extent Coronado argues that his codefendants' testimony was not credible, we are bound by the jury's credibility choices and view the evidence in the light most favorable to the government. *See*

*Peters*, 403 F.3d at 1268; *Gamory*, 635 F.3d at 497.  Thus, the evidence was

sufficient to support Coronado's convictions.

For the foregoing reasons, we affirm Coronado's convictions.

**AFFIRMED.**