[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11436
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00303-VMC-TBM-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

RODRICK MARQUIS SALTER,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 18, 2013)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Rodrick Salter appeals his conviction for conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine.  21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846.  Salter argues that there was insufficient evidence to prove that he had a co-conspirator or that he served as more than a middle man to purchase the cocaine.  We affirm.

The district court did not err by denying Salter's motion for a judgment of acquittal.  Salter's tape-recorded conversations and his cellular telephone calls overheard by Adolfo Garcia, a confidential informant, proved that Salter conspired with other persons to distribute cocaine.  See United States v. Carcaise, 763 F.2d 1328, 1331 & n.6 (11th Cir. 1985).  When Salter arranged to purchase one half of a kilogram of cocaine, he admittted that he had coconspirators when he asked Garcia, "When you gonna be ready for us to come get ours then?"  Later, when Salter arrived with only $1,600 of the $15,500 purchase price, his statements revealed that his coconspirators who were contributing financially to the purchase wanted to ensure they were obtaining pure cocaine that could be converted to crack cocaine.  Salter told Garcia, "They didn't . . . let me come with the money . . . . They wanted me to come to make sure the [cocaine] was good . . . I got some money . . . My money.  But they ain't gonna give up their money" until "they . . . make sure that what they getting is gonna be something good."  After Garcia assured Salter that the cocaine was "pure for cooking" and was "what you need for

what you all using it for," Salter called a cellular phone number that law enforcement traced to Courtney Allen, and Garcia heard another voice respond to Salter's statements about the impending drug transaction.  Allen accompanied Salter to buy the cocaine and, after exiting his vehicle, Salter nodded at Allen, who appeared to be conducting counter surveillance from inside Salter's vehicle.  After officers arrested Salter, they found plastic baggies and an electronic scale in his vehicle.  See United States v. Poole, 878 F.2d 1389, 1392 (11th Cir. 1989).  Based on this evidence, a reasonable jury could have found that Salter participated in a conspiracy to purchase high quality cocaine to redistribute as crack cocaine.  See United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998).  Salter argues that he cannot be guilty of conspiracy because the jury acquitted his codefendant, Allen, but "[c]onsistent verdicts are unrequired in joint trials for conspiracy," United States v. Andrews, 850 F.2d 1557, 1561 (11th Cir. 1988).  Furthermore, Salter "recognizes that . . . 'an individual can be convicted of conspiracy with unknown persons,'" and Salter's admissions suggested that he had several conspirators.

    We **AFFIRM** Salter's conviction.

3