[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-12158
Non-Argument Calendar

————————————————

D.C. Docket No. 1:17-cr-00316-MHC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN JUWARN REMBERT,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(March 25, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Ryan Rembert appeals his sentence for possessing a firearm after having been

convicted of a felony, in violation of 18 U.S.C. § 922(g).  Following a traffic stop,

law-enforcement officers found in a car Rembert had been driving a loaded gun, along with 18.6 grams of suspected marijuana, a digital scale, and a box of sandwich baggies.  At sentencing, the district court concluded that Rembert possessed the gun in connection with a felony drug-trafficking offense, so it applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).  On appeal, Rembert argues that the enhancement did not apply because the government failed to prove that the substance was, in fact, marijuana, rather than legal hemp, and that he possessed the suspected marijuana with intent to distribute.

We review a district court's factual findings under the Sentencing Guidelines for clear error and its interpretation of the Guidelines *de novo*.  *United States v. Carillo-Ayala*, 713 F.3d 82, 87 (11th Cir. 2013).  A factual finding "is not clearly erroneous unless we are left with a definite and firm conviction that a mistake has been committed."  *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016) (quotation marks omitted).  In other words, if two reasonable constructions of the evidence exist, "the fact-finder's choice between them cannot be clearly erroneous." *Id.* (quotation marks omitted).

The government bears the burden of proving, by a preponderance of the evidence, the facts necessary to support a challenged sentencing enhancement. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).  The district court must ensure that the government meets this burden with reliable and specific

2

evidence. *Id.* When making its factual findings at sentencing, the court may rely on "evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

For a firearm-possession offense under § 922(g), U.S.S.G. § 2K2.1(b)(6)(B) provides for a four-level enhancement of the base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." "Another felony offense," in turn, includes crimes that are "punishable by imprisonment for a term exceeding one year" under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1, cmt. n.14(C). In general, a sufficient connection exists if the firearm "facilitated, or had the potential of facilitating," the other offense. *Id.* § 2K2.1, cmt. n.14(A). When the other offense is a drug-trafficking crime, "[a] firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense." *Carillo-Ayala*, 713 F.3d at 92; *see also United States v. Bishop*, 940 F.3d 1242, 1250–51 (11th Cir. 2019) (contrasting the showing required for drug-trafficking crimes with drug-possession crimes); U.S.S.G. § 2K2.1, cmt. n.14(B).

"Intent to distribute can be proven circumstantially from, among other things, the quantity of [the drugs] and the existence of implements such as scales commonly

used in connection with the distribution of [drugs]." *United States v. Poole*, 878 F.2d 1389, 1391–92 (11th Cir. 1989). In *United States v. Mercer*, for example, we determined that the jury could infer an intent to distribute from evidence of a large number of small plastic baggies, a "drug ledger," 15.6 grams of methamphetamine, "the lack of paraphernalia used to consume the drug," and testimony about the defendant's purchase of an ounce of methamphetamine on the day of his arrest. 541 F.3d 1070, 1076 (11th Cir. 2008). In addition, possession of a firearm is relevant to show a defendant's intent to distribute because we have held that such weapons are often "tools of the trade" for drug dealers. *United States v. Rodriguez*, 765 F.2d 1546, 1562 (11th Cir. 1985) (quotation marks omitted).

Rembert maintains that the district court erred in applying the § 2K2.1(b)(6)(B) enhancement for two reasons. First, Rembert argues that the government failed to produce sufficient evidence that the suspected marijuana was a controlled substance. Rembert explains that, in 2018, Congress excluded "hemp"—defined as "the plant Cannabis sativa L. and any part of that plant . . . with a delta-9 tetrahydrocannabinol [THC] concentration of not more than 0.3 percent on a dry weight basis"—from the definition of "marihuana" in the Controlled Substances Act ("CSA"). 21 U.S.C. § 802(16)(B); 7 U.S.C. § 1639*o*(1); *see* Agriculture Improvement Act of 2018, Pub. L. 115-334, § 12619, 132 Stat. 4490,

4

5018.  In Rembert's view, the government failed to prove that the suspected marijuana in this case had a THC concentration higher than 0.3 percent.

Second, Rembert contends that the government failed to prove that, even assuming the suspected marijuana was a controlled substance, he possessed the marijuana with intent to distribute.  He asserts that he presented substantial evidence of personal use that far outweighed the government's evidence of distribution.  In Rembert's view, the evidence supporting personal use included the following: Rembert possessed a misdemeanor quantity of marijuana; the condition of the marijuana when found indicated that it was intended for personal use; there was little evidence to connect Rembert to the digital scale, which, in any event, can be used by marijuana users to confirm the quantity they are buying and to budget their supply; the unused baggies were not found in proximity to the gun or drugs, and have uses unrelated to drug distribution; evidence established that Rembert borrowed the gun for protection of his family; Rembert, despite using marijuana, had never been convicted of any drug-distribution offense, nor was there evidence that he had previously engaged in drug distribution; and Rembert had a legal form of income from employment.

We affirm the district court's application of the § 2K2.1(b)(6)(B) enhancement.  The record supports the court's determination that Rembert possessed a firearm in connection with a drug-trafficking offense.

5

First, the district court did not clearly err in finding that the substance was marijuana, not hemp. The government presented a lab report concluding that the substance recovered from the car Rembert was driving was 18.6 grams of marijuana. While that report—prepared before the CSA amendments—did not identify the THC concentration of the substance, sufficient circumstantial evidence supports the court's implicit finding that the substance was, in fact, marijuana. Rembert was an admitted daily smoker of marijuana and had previous convictions for possession of marijuana, so it would be unlikely for him to possess hemp with negligible THC, the psychoactive chemical in marijuana. That is particularly so where, as Rembert argued at sentencing, some of the suspected marijuana had been ground and prepared to be smoked by a user. Plus, other items found in the car—a digital scale, empty plastic baggies, and a loaded gun—are, as explained more fully below, consistent with marijuana trafficking. From these facts, the district court reasonably could have concluded that the substance was more likely than not marijuana. *See Martinez*, 584 F.3d at 1027.

Second, the district court permissibly concluded that Rembert possessed the marijuana with intent to distribute. We agree with Rembert that the evidence could support a finding that he possessed the 18.6 grams of marijuana found in his backpack solely for personal use. But we may not overturn the court's contrary finding as clearly erroneous "unless we are left with a definite and firm conviction

6

that a mistake has been committed." *Smith*, 821 F.3d at 1302. And we are not left with such a conviction here.

The government presented evidence that Rembert possessed 18.6 grams of marijuana in close proximity to a loaded gun and items typically, though by no means always, used in drug distribution—a digital scale and empty sandwich baggies. *See Mercer*, 541 F.3d at 1076 (citing empty, small plastic baggies as evidence of intent to distribute); *Poole*, 878 F.2d at 1392 (stating that "scales [are] commonly used in connection with the distribution of [drugs]"); *Rodriguez*, 765 F.2d at 1562 (stating that possession of a gun is relevant to show intent to distribute). And the record does not show that the car contained any paraphernalia used to smoke the marijuana. *See Mercer*, 541 F.3d at 1076 (citing "the lack of paraphernalia used to consume the drug" as evidence of intent to distribute). A permissible view of this evidence is the one reached by the district court: that Rembert possessed the marijuana with intent to distribute. So even if the evidence was also consistent with personal use, the district court's choice between two reasonable views of the evidence did not amount to clear error. *See Smith*, 821 F.3d at 1302. And Rembert does not dispute that, if he possessed the marijuana with intent to distribute, the fact that the gun was in close proximity to the drugs was sufficient to apply the § 2K2.1(b)(6)(B) enhancement. *See Carillo-Ayala*, 713 F.3d at 92.

Finally, we disagree with Rembert that the district court failed to consider the totality of the circumstances and treated certain factors as dispositive. We acknowledge that the court, at times, appeared to express the mistaken view that it was constrained by unpublished decisions from this Court,[1] which Rembert argues were factually distinguishable in any event. But the court recognized that these decisions were merely "persuasive authority." And the record shows that the court understood it was required to evaluate the totality of the evidence and that it considered "everything" Rembert argued and presented. While the court agreed that there were signs of a mere possession offense, it found that the combination of items discovered in the car was sufficient to prove intent to distribute by a preponderance of the evidence, though not beyond a reasonable doubt. For the reasons we have explained, that decision was not clearly erroneous.

Accordingly, the district court did not clearly err in applying the sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B). We therefore affirm Rembert's sentence.

**AFFIRMED.**

---

[1] We once again repeat that unpublished opinions of this Court are not binding precedent. *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013).

8